UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 07-cv-3759 |
| ONE EZONICS EZCAM MODEL P35U1 USB WEBCAM, BEARING SERIAL NUMBER 91810U001323 ET AL., | ) | Judge John W. Darrah |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Charles Burt was arrested in 2004 and indicted on nine counts of federal crimes relating to the production, depiction, and distribution of child pornography. A jury convicted him on all nine counts, and he is now serving a 100-year sentence.

On July 5, 2007, the United States filed this civil *in rem* forfeiture action against various computers, hard drives, camera equipment, photographs, and other assets, alleging that Burt used or intended to use those items to commit or promote offenses related to child pornography. Burt claimed an interest in that property, and the case proceeded to trial. On March 24, 2011, a jury returned a verdict in favor of the Government and found that all items listed in the complaint should be forfeited to the United States.

On April 11, 2011, Burt moved for judgment as a matter of law and for a new trial. The matter is now fully briefed and ripe for ruling.

## LEGAL STANDARD

In resolving a motion for judgment as a matter of law under Rule 50(b), the court must view the evidence and all reasonable inferences in a light that is most favorable to the party who prevailed under the verdict. *Tate v. Executive Mgmt. Servs., Inc.*, 546 F.3d 528, 531-32 (7th Cir. 2008). The verdict should be overturned only if "no rational jury could have found for the plaintiff." *Id.* at 532 (quoting *Waite v. Bd. of Trs.*, 408 F.3d 339, 343 (7th Cir. 2005)). "[T]he question is not whether the jury believed the right people, but only whether it was presented with a legally sufficient amount of evidence from which it could reasonably derive its verdict." *Massey v. Blue Cross-Blue Shield of Ill.*, 226 F.3d 922, 924 (7th Cir. 2000).

A motion for new trial should only be granted if the verdict is against the manifest weight of the evidence, the damages are excessive, or other reasons exist as to why the trial was not fair to the moving party. *Pickett v. Sheridan Health Care Ctr.*, 610 F.3d 434, 440 (7th Cir. 2010). Much like the standard under Rule 50(b), a verdict can only be set aside as contrary to the manifest weight of evidence if "no rational jury" could have rendered that verdict. *Moore ex rel. Estate of Grady Tuelija*, 546 F.3d 423, 427 (7th Cir. 2008). A new trial may also be awarded if misconduct by opposing counsel prejudiced the adverse party. *Wiedemann v. Galiano*, 722 F.2d 335, 337 (7th Cir. 1983).

## ANALYSIS

Section 2254 of Title 18 provides that any property subject to criminal forfeiture pursuant to 18 U.S.C. § 2253 may be forfeited to the Untied States in a civil proceeding. Section 2253 provides that a person who is convicted of an offense involving the sexual

2

exploitation of children involving certain visual depictions shall forfeit to the United States his interest in, among other things, "any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property." 18 U.S.C. § 2253(a)(3).

The verdict form submitted to the jury listed twenty specific pieces of computer or photography equipment and, for each item, asked the jury to check "Forfeited to the United States" or "Not Forfeited to the United States." Defendant Property 21, listed as Miscellaneous photos, negatives, slides, video tapes and other computer storage media," presented the jury with the same two options. The jury checked "Forfeited to the United States" for each of the 21 Defendant Properties.

Although Burt asserts that "[a] reasonable jury could not have found a sufficient evidentiary basis for entering [a] verdict for the plaintiff United States on any of its claims" (Mot. ¶ 2), he fails to develop and support any argument as to the first twenty Defendant Properties. Accordingly, Burt's Motion is denied as to Defendant Properties 1-20. The only specific argument in Burt's Motion is regarding Defendant Property 21. Burt argues that the Government introduced fewer than ten of the thousands of photographs included in Defendant Property 21 into evidence and that the evidence in the record is insufficient to support a finding that *all* of those thousands of photographs were used to commit or promote the commission of Burt's offenses.

Burt's argument lacks merit. At trial, Special Agent Scott McDonough of the Federal Bureau of Investigation testified as an expert witness in the area of child exploitation and child pornography. Special Agent McDonough testified that he has

worked on thousands of child-exploitation investigations, completed specialized training in that area, and trained others regarding child sex-exploitation crimes. He explained the methods persons who exploit children use to earn the trust of their victims and about child molesters' patterns of conduct, generally. He also testified that persons who possess child pornography often collect so-called "child erotica," described as images or videos of children that are not sexually explicit but will nonetheless fuel the sex offender's sexual urges.

Special Agent McDonough also testified as a fact witness based on his role in Burt's criminal prosecution. On the night Burt was arrested and the Defendant Properties were seized, Special Agent McDonough observed Burt photographing two boys (ages 7 and 12 or 13) wearing tight-fitted wrestling suits. Special Agent McDonough testified that all of the photographs comprising Defendant Property 21 were recovered from Burt's residence during the night of Burt's arrest and the search of his home. The photographs were of young boys in various stages of dress and undress from as early as the 1970s and as recent as the date of Burt's arrest. The primary focus of the photographs was on the subject children's rear ends. A representative sample of Defendant Property 21 was presented at trial, and Agent McDonough testified that virtually all of the children in that exhibit were known victims of Burt. At trial, the parties stipulated that children who were in sexually explicit photographs that Burt produced were also in many of the photographs which were not sexually explicit.

Evidence was presented regarding Burt's skills as a photographer, his collection of photographs of young boys, his established relationships with certain children, and his

4

habit of photographing his victims in various stages of dress and undress. Using these facts, the Government argued to the jury that the images contained in Defendant Property 21 were used or intended to be used by Burt to commit or promote the offenses for which he was convicted. Citing cases involving mixed monetary proceeds or property in which an innocent party also holds an interest, Burt argues that the Government failed to establish that each one of the thousands of photographs was specifically used or intended to be used in furtherance of Burt's crimes. But those photographs were presented to the jury as one Defendant Property; and it cannot be said that no rational jury could have determined that, collectively, they were used or intended to be used by Burt to commit his offenses. Burt's Motion for Judgment is denied.

Burt argues in the alternative that he was unduly prejudiced by the Government's closing argument and that he deserves a new trial on that basis. Burt offers no specifics in this regard; he simply makes vague, general assertions of prejudice:

> [T]he government's closing argument was unduly prejudicial to claimant Burt, in that it was intended to, and did, inflame the passions of the jury by excessively focusing on the sordid nature of claimant Burt's criminal offenses. The argument thereby diverted the jury's attention from, and caused the jury to simply disregard, the lack of evidence to support the government forfeiture allegations, particularly with respect to property number 21 on the verdict form. This was unduly prejudicial to claimant Burt and deprived him of a fair trial.

(Mot. ¶ 3.)

Burt's Motion for a New Trial is denied. First, Burt forfeited the argument by failing to object to the Government's closing argument at trial. Thus, the argument was forfeited. *See Soltys v. Costello*, 520 F.3d 737, 745 (7th Cir. 2008) (holding that a challenge to portions of closing arguments was waived because no objection was made at

5

the time the statements were made). Second, Burt fails to identify any specific comments that were improper or any resulting prejudice. Burt is a convicted child molester. This civil action concerned the forfeiture of property used or intended to be used in the commission of the offenses for which Burt was convicted. A discussion of Burt's crimes is not inherently improper, and Burt has failed to identify any specific comment that crossed a line and resulted in undue prejudice.

## CONCLUSION

For the reasons stated above, Charles Burt's Motion for Judgment or for a New Trial is denied.

Date: 8-2-11

JOHN W. DARRAH
United States District Court Judge