UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 07-CV-3759 |
| ONE EZONICS EZCAM MODEL P35U1 USB WEBCAM, BEARING SERIAL NUMBER 91810U001323, *et al.*, | ) Judge John W. Darrah |
| Defendants. | ) |
| CHARLES BURT, | ) |
| Claimant. | ) |

## MEMORANDUM OPINION AND ORDER

Before the Court is Claimant Charles Burt's Motion to Vacate Judgment pursuant to Fed. R. Civ. P. 60(b)(6). Based on the analysis below, Burt's Motion to Vacate Judgment is denied.

## BACKGROUND

Charles Burt was indicted on December 14, 2004, on nine federal charges, relating to the production, depiction, and distribution of child pornography. A jury convicted him on all nine counts in December 2005, and Burt is now serving a 100-year sentence. On July 5, 2007, the United States filed a civil *in rem* forfeiture action against various computers, hard drives, camera equipment, and other assets that the United States alleged were used or intended to be used by Burt in furtherance of his child pornography

offenses. Burt claimed an interest in this property, and the case eventually proceeded to trial. Attorney Jason Huber represented Burt in this matter until May 20, 2009, when he withdrew from the case; thereafter, the Court appointed Attorney John Beal to represent Burt. A jury trial on the *in rem* forfeiture action began March 22, 2011, and concluded March 24, 2011, when the jury returned a verdict, finding that all property at issue in the trial should be forfeited to the United States.

Following the forfeiture trial, Attorney Beal moved for judgment as a matter of law or for a new trial on Burt's behalf. This Court denied this motion on August 2, 2011. (Dkt. No. 146.) Burt, now proceeding *pro se*, moves for relief from final judgment pursuant to Fed. R. Civ. P. 60(b)(6).

## LEGAL STANDARD

Burt seeks relief from judgment under Federal Rule 60(b), which permits a court to grant relief from final judgment where there are instances of: (1) mistake or neglect; (2) newly discovered evidence; (3) fraud or misconduct by an opposing party; (4) the judgment being void; (5) the judgment being satisfied or no longer applicable, and (6) "any other reason that justifies relief." Fed. R. Civ. P. 60(b). "Relief under Rule 60(b) is an extraordinary remedy that is to be granted only in exceptional circumstances." *Provident Sav. Bank v. Popovich*, 71 F.3d 696, 698 (7th Cir. 1995) (*Provident*). Burt seeks relief specifically under Rule 60(b)(6), which is the "catch-all" provision. However, the Government argues, in its response, Burt is actually seeking relief under Rule 60(b)(3), which provides relief from judgment due to the misconduct of an opposing party. (Gov. Resp. at 4.)

2

To obtain relief from judgment under Federal Rule 60(b)(3), a party must prove, by clear and convincing evidence: "(1) the party maintained a meritorious claim at trial; and (2) because of the fraud, misrepresentation or misconduct of the adverse party; (3) the party was prevented from fully and fairly presenting its case at trial." *Provident*, 71 F.3d at 699 (quoting *Lonsdorf v. Seefeldt*, 47 F.3d 893, 897 (7th Cir. 1995) (*Lonsdorf*)); *see also Wickens v. Shell Oil Co.*, 620 F.3d 747 (7th Cir. 2010). In considering these requirements for relief under Rule 60(b)(3), the court "must weigh the competing policy interests of the finality of judgment against fundamental fairness in light of all the facts." *Lonsdorf*, 47 F.3d at 897. The movant need not show that, but for the misconduct, he would have won his case; rather, the movant need only show the misconduct affected his ability to present his case. *F.T.C. v. QT, Inc.*, 249 F.R.D. 305, 309 (N.D. Ill. 2008) (citing *Ty Inc. v. Softbelly's*, 353 F.3d 528, 536 (7th Cir. 2003); *Lonsdorf*, 47 F.3d at 897).

Relief under Rule 60(b)(6) requires a more difficult standard be met; the movant must present evidence of "extraordinary and exceptional circumstances." *Musch v. Domtar Industries, Inc.*, 587 F.3d 857, 861 (7th Cir. 2009). Relief under Rule 60(b)(6) is unavailable when the basis for seeking relief is attorney negligence. *Easley v. Kirmsee*, 382 F.3d 693, 700, n. 5 (7th Cir. 2004). A district court abuses its discretion in denying relief only when "'no reasonable person could agree' with the decision to deny relief." *Eskridge v. Cook County*, 577 F.3d 806, 809 (7th Cir. 2009) (quoting *McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir. 2000)).

3

## ANALYSIS

Burt shall not be granted relief from judgment under the provision he cites, Federal Rule 60(b)(6), nor under the provision the Government argues his motion should be considered, Federal Rule 60(b)(3).

*Relief from Judgment Under Federal Rule 60(b)(3)*

In order to obtain relief under Rule 60(b)(3), Burt must show he had a meritorious claim at trial, but, due to the misconduct of the United States, Burt was prevented from fully and fairly presenting its case at trial. *Provident*, 71 F.3d at 699. The misconduct Burt alleges on the part of the Government in his Rule 60 motion is that the Government failed to comply with discovery requests; chiefly, "the Government produced no documents, answered no interrogatories, and did not appear for a deposition." (Pl. Mot. at 3.) However, Burt fails to provide any clear and convincing evidence that the Government failed to comply with his discovery requests. While Burt provides copies of production requests made on his behalf by Attorneys Huber and Beal with his motion, he provides no evidence that the Government failed to comply with these requests. As the record reflects, in the years leading up to this trial, neither Attorney Huber nor Attorney Beal filed any motions to compel discovery nor otherwise indicated the Government was not in compliance with discovery requests.[1] While Burt submits unverified letters in his reply brief supposedly sent to his counsel regarding his concern about the discovery

---

[1] In response to Burt's motion, the Government provides rebutting evidence by submitting, as an exhibit, 5 pages of the 62-page deposition taken of Special Agent McDonough. However, this exhibit provides neither the signed certification of Special Agent McDonough, nor the signed certification of Kathy A. O'Donnell, the Registered Professional Reporter who apparently transcribed the deposition. Therefore, this exhibit is afforded little weight.

requests, this correspondence does not provide any proof regarding the Government's alleged noncompliance. Rather, the only correspondence Burt submits as evidence from his attorney, John Beal, makes no mention of the discovery requests whatsoever. (See Reply Br., Ex. A, Pg. 3.)

Because Burt cannot provide evidence of the Government's misconduct, it follows that he cannot show the Government's alleged misconduct prevented him from presenting his case fully and fairly at trial. Moreover, Burt presents no explanation as to how the purported misconduct of the Government affected the presentation of his case at trial. *See Venson v. Altamirano*, No. 08-CV-6682, 2011 WL 6034379, at *5 (N.D. Ill. Dec. 1, 2011) (denying a Rule 60(b)(3) motion by finding that even if movant had been able to show party's misconduct, movant's "perfunctory arguments fail to persuade the Court that he was prevented from 'fully and fairly' presenting his case at trial").

Furthermore, Burt fails to argue he had a meritorious claim to present at trial in his motion to set aside judgment. Burt submits no basis showing the claims argued on his behalf at trial had merit. A potentially meritorious claim is the third element required to succeed on a Rule 60(b)(3) motion. *See Barnes v. City of Chicago*, No. 98-CV-5590, 2000 WL 1745180, at *4 (N.D. Ill. Nov. 27, 2000) (quoting *Teamsters, Chauffeurs, Warehouseman & Helpers Union, Local No. 59 v. Superline Transp. Co.*, 953 F.2d 17, 20 (1st Cir. 1992), holding movant not entitled to relief from judgment because the movant 'did not make any allusion to the viability of its underlying suit').

Burt is denied relief under Federal Rule 60(b)(3). Burt failed to submit any argument regarding the merit of his claims. He provides no clear and convincing

evidence regarding the alleged misconduct of the Government with respect to discovery compliance and, therefore, cannot show that the alleged misconduct prevented his case from being fully and fairly presented at trial. *Lonsdorf*, 47 F.3d at 897.

*Relief from Judgment Under Federal Rule 60(b)(6)*

Burt is also denied relief from judgment under Federal Rule 60(b)(6). As explained above, "relief under 60(b)(6) is warranted only upon a showing of extraordinary circumstances that create a substantial danger that the underlying judgment was unjust." *Margoles v. Johns*, 798 F.2d 1069, 1073 (7th Cir. 1986) (citations omitted). Burt submits no showing of an extraordinary circumstance in the present case. Rather, he makes yet another attempt to change the outcome of the jury trial by claiming the Government failed to comply with discovery requests, while submitting no proof to support this claim. Even if the Government *did* fail to comply with all discovery requests, and Burt or his counsel failed to raise an objection on this issue, this would not be an "extraordinary" circumstance. *See Provident*, 71 F.3d at 700 (holding carelessness or lack of due care on the part of the litigant or attorney does not form a basis for relief under Federal Rule 60(b)(6)); *Nelson v. City Colleges of Chicago*, 962 F.2d 754, 756 (7th Cir. 1992) (finding former counsel's abandonment of a case not extraordinary circumstances); *Reinsurance Co. of America, Inc. v. Administratia Asigurarilor de Stat (Admin. of State Ins.)*, 902 F.2d 1275, 1278 (7th Cir. 1990) (attorney's gross negligence and misrepresentation not extraordinary circumstances). Burt failed to submit any proof that the Government did not comply with discovery requests nor argued why the alleged noncompliance should be considered a circumstance so extraordinary, judgment should

be set aside. Thus, Burt's Motion to Vacate Judgment pursuant to Rule 60(b)(6) is denied.

## CONCLUSION

Based on the analysis provided above, Claimant Charles Burt's Motion to Vacate Judgment pursuant to Rule 60 is denied.

Date: 3-1-12

JOHN W. DARRAH
United States District Court Judge